UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:05CR-14-M**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**

**JEREMIAH MARSHALL**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Jeremiah Marshall, for severance of Counts 3 and 4 from Counts 1, 2, and 5 pursuant to Fed. R. Civ. P. 14 [DN 23]. Counts 1 and 2 of the Indictment charge Defendant with distributing methamphetamine on March 5, 2005 and March 14, 2005, respectively. Count 3 of the Indictment charges the Defendant with possessing machine guns on March 14, 2005. Count 4 of the Indictment charges Defendant with possession of a firearm by a convicted felon. Count 5 of the Indictment seeks forfeiture of all property derived from proceeds of the drug charges.

Defendant has moved to sever the firearms counts, Count 3 and 4, from the drug trafficking counts. Defendant argues that severance is necessary because he may wish to testify as to the firearm counts, but not as to Counts 1, 2 and 5 and does not desire to waive his privilege against self incrimination as to the latter counts. Defendant maintains that Count 4 should also be severed because in proving this charge, the Government would be entitled to introduce evidence of Defendant's previous felony convictions. Defendant argues that his previous felony convictions could not properly be introduced during the trial of the other charges and that without severance the jury could give the evidence of his prior

convictions excessive weight when deciding the other offenses.

Federal Rule of Criminal Procedure 8(a) broadly allows joinder where the charged offenses "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Id. Federal Rule of Criminal Procedure 14 provides for relief from joinder where prejudice will occur. United States v. Smith, 2005 WL 1653440 (6th Cir. July 12, 2005)("Rule 14(a) requires that the counts in an indictment be severed only when the defendant demonstrates that he will be prejudiced by the joinder of the charges." Id. at * 4).

First, Defendant has not demonstrated that severance is required in order to permit him to testify as to the gun charges, but to avoid testimony as to the drug charges. Defendant has failed to make the required showing that he has "both important testimony to give concerning one count and a strong need to refrain from testifying on the other." United States v. Bowker, 372 F.3d 365, 385 (6th Cir. 2004)(citation omitted), judgment vacated on other grounds, 125 S.Ct. 1420 (2005); United States v. Alosa, 14 F.3d 693, 695 (1st Cir. 1994)("The Fifth Amendment protects the defendant's right to choose whether to testify. It does not assure that the testimony will only benefit the defendant. Id. at 696); United States v. Gorecki, 813 F.2d 40, 43 (3d Cir. 1987). In fact, Defendant's motion to sever provides absolutely no indication as to what his testimony would be on the gun charges. "Such non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." Bowker, 372 F.3d at 385.

Second, the Court denies Defendant's motion to sever the felon in possession count,

Count 4, from the remaining counts. United States v. Bullock, 71 F.3d 171, 175 (5th Cir. 1995) (a district court may properly refuse severance even though proof on one of the counts requires proof of a prior felony conviction), cert. denied, 514 U.S. 1126 (1996). However, in order to alleviate the potential risk of prejudice, the Court will look favorably upon a motion to bifurcate which will allow the felon in possession charge to be tried by the same jury after a verdict is reached on the other charges. See United States v. Moore, 376 F.3d 570 (6th Cir. 2004), cert. denied, 125 S.Ct. 1364 (2005). If this matter were bifurcated, all evidence related to the Defendant's possession of the firearms would be admitted in the first phase of the trial. However, evidence regarding the Defendant's status as a convicted felon would not be introduced until the jury returned a verdict on the other charges.

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant to sever Counts 3 and 4 [DN 23] is **denied**.

cc: counsel of record