FILED
U.S. DISTRICT COURT
WESTERN DISTRICT OF KY
05 OCT 14 PM 3: 53

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**CRIMINAL ACTION NO.  4:05-CR-14-M**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**

**JEREMIAH MARSHALL**                                           **DEFENDANT**

## JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

## I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments.

57.

However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the

2

formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)   Arguments and statements by lawyers are not evidence;

2)   Questions and objections by lawyers are not evidence;

3)   Testimony I have instructed you to disregard is not evidence; and,

4)   Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DEFENDANT'S KNOWLEDGE

I need to explain something about proving a defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that a crime was being committed,

3

then you may find that he knew of the crime.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that a crime or crimes were being committed, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. Again, this is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget

4



things.  You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.  You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts.  Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## TESTIMONY OF DEFENDANT

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.  You should consider those same things in evaluating the defendant's testimony.

I will now explain the elements of the crime that the defendant is accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Count 1 –Distribution of Methamphetamine

Count 1 of the indictment charges the Defendant, Jeremiah Marshall, with distributing a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance on or about March 5, 2005, in violation of federal law. Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally distribute a controlled substance.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proven each and every one of the following elements beyond a reasonable doubt: that the Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine.

To "distribute" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

6



## INSTRUCTION NO. 2

### Count 2 – Distribution of Methamphetamine

Count 2 of the indictment charges the Defendant, Jeremiah Marshall, with distributing a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance on or about March 14, 2005, in violation of federal law.  Title 21, United States Code, § 841(a)(1) makes it a crime to knowingly or intentionally distribute a controlled substance.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt: that the Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine.

To "distribute" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### Additional Finding for Count 2

If you find the Defendant guilty of the crime of distributing methamphetamine as charged in Count 2 of the indictment, then you will be asked in a special verdict form to indicate if you believe, beyond a reasonable doubt, that the Defendant possessed and/or distributed 5 grams or more of methamphetamine.



## INSTRUCTION NO. 3

### Count 3 : Possession of a Machine Gun

Count 3 of the indictment charges the Defendant, Jeremiah Marshall, with knowingly possessing a machine gun in violation of federal law. Title 18, United States Code, § 922(o), makes it a crime for a person to possess a machine gun.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proven beyond a reasonable doubt that on or about March 14, 2005, the Defendant possessed a weapon knowing it to be a machine gun.

The term "machine gun" means any weapon which shoots, is designed to shoot, or can readily be converted to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

The term "possession" is defined in instruction number 6.  The defendant does not have to own the machine gun in order to possess the machine gun.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.



## INSTRUCTION NO. 4

### Count 4 – Possession of Firearm by Convicted Felon

Title 18, United States Code, Sections 922(g) and 924(a), make it a federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.  In Count 4 of the indictment, the Defendant, Jeremiah Marshall, is charged with violating this law on or about March 14, 2005, in the Western District of Kentucky.

For you to find the Defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that the Defendant knowingly possessed a firearm;

**Second**, that before the Defendant possessed the firearm, the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

**Third**, that before the Defendant possessed the firearm, the firearm had traveled from one state to another.

The parties stipulate and agree that the Defendant, Jeremiah Marshall, has been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and that this element of the crime charged in Count 4 of the indictment is not in dispute.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

9



The term "possession" is defined in instruction number 6.

It is not a defense to the charged offense that the defendant was ignorant of his disqualification from owning or possessing a firearm.  All that is necessary is that he knew he possessed the firearm.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

# INSTRUCTION NO. 5

## Possession – Defined

The government does not necessarily have to prove that the Defendant physically possessed the methamphetamine and firearms for you to find him guilty of these crimes. The law recognizes two kinds of possession -- actual possession and constructive possession. Either of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the Defendant had direct, physical control over the methamphetamine or firearms, and knew that he had control of them.

To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over the methamphetamine or firearms, and knew he had this right, and that he intended to exercise physical control over the methamphetamine or firearms at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the Defendant had actual or constructive possession of the methamphetamine or firearms, and knew that he did, for you to find that he possessed them.

One more thing about possession. The government does not have to prove that the

11

Defendant was the only one who had possession of the methamphetamine or firearms. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the Defendant had either actual or constructive possession of the methamphetamine or firearms, and knew that he did, for you to find him guilty of these crimes.

## INSTRUCTION NO. 6

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

The word "intentionally," as that term has been used from time to time in these instructions means that the acts were done deliberately and purposefully. In other words, the Defendant's acts, if any, must have been the product of his conscious objective and plan, rather than the product of a mistake, accident, or misunderstanding.



## INSTRUCTION NO. 7

### Entrapment

One of the questions in this case is whether the defendant was entrapped. Entrapment has two related elements. One is that the Defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the Defendant to commit it.

If the Defendant was not already willing to commit the crime, and the government persuaded him to commit it, that would be entrapment. But if the Defendant was already willing to commit the crime, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informer or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

The government has the burden of proving beyond a reasonable doubt that the Defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the governemnt. Let me suggest some things that you may consider in deciding whether the government has proved this:

14



(A) Ask yourself what the evidence shows about the Defendant's character and reputation.

(B) Ask yourself if the idea for committing the crime originated with or came from the government.

(C) Ask yourself if the Defendant took part in the crime for profit.

(D) Ask yourself if the Defendant took part in any similar criminal activity with anyone else before or afterwards.

(E) Ask yourself if the Defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

(F) And ask yourself what kind of persuasion and how much persuasion the government used.

Consider all the evidence, and decide if the government has proved that the Defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.



## INSTRUCTION NO. 9

### Impeachment of Defendant by Prior Conviction

You have heard the testimony of the Defendant, Jeremiah Marshall.  You have also heard that before this trial he was convicted of a crime.

Any earlier convictions were brought to your attention as one way of helping you decide how believable his testimony was.



## INSTRUCTION NO. 10

### Impeachment of a Witness by Prior Conviction

You have heard the testimony of Jamie Burris.  You have also heard that before this trial she was convicted of a crime.

These earlier convictions were brought to your attention only as one way of helping you decide how believable her testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

18



## INSTRUCTION NO.  11

### Transcriptions of Tape Recordings

You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The tapes themselves are the evidence.  If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

**INSTRUCTION NO. 12**

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



## INSTRUCTION NO. 13

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.



## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

## UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should



reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

23

