

```
                                              FILED
                                       VANESSA L. ARMSTRONG, CLERK
      UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF KENTUCKY        JAN 28 2013
             Owensboro Division
                                           U.S. DISTRICT COURT
                                          WEST'N. DIST. KENTUCKY
```

| | |
|---|---|
| JEREMIAH MARSHALL,<br>    Defendant,<br><br>vs<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Criminal Case No. 4:05CR-00014-001<br><br><u>REQUEST FOR AN EVIDENTIARY HEARING<br>PURSUANT TO LAFLER</u>. |

Now comes, Jeremiah Marshall, hereinafter, Defendant, pro se., to respectfully request an evidentiary hearing pursuant to the United States Supreme Court's holdings in <u>Lafler v Cooper</u>, 132 S.Ct. 1376, 1384(2012) and <u>Missouri v Frye</u>, 132 S.Ct 1399,1408(2012).

<u>Procedural History</u>

On 03-14-2005, Defendant was arrested and subsequently charge in violation of 21 USC §§ 841(a)(1)&(b)(1)(C)[Count 1] Intent to Dist. a mixture of Methamphetamine; 841(a)(1)&(b)(1)(B)[Count 2] Intent to Dist. 5 grams or more of Methamphetamine; 18 USC §§ 922(o)&924(a)(2)[Count 3] Crime of Violent/Machine Gun; 922(g)(1)&924(a)(2)[Count 4] Unlawful Transport of Firearms; and 21 USC § 853[Count 5]Criminal Forfeitures. On 10-14-2005, after a jury trial, Defendant was found guilty of Counts 1 and 2, Counts 3,4, and 5 were dismissed. On 01-06-2006, Defendant was sentenced to a aggregated term of 262 months imprisonment. Timely appeal filed. On 04-25-2007, Court of Appeals For Sixth Circuit affirmed. Defendant now presents this cause of action.

## STANDARD OF REVIEW

Urbina v Thoms, 270 F.3d 292,295(6thCir.2001); see also Franklin v Rose, 765 F.2d 82,85(6thCir.1985)("the complaint of a pro se litigant is to be liberally construed in his favor")(citing Haines v kerner, 404 U.S. 519-20, 30 L.Ed.2d, 92 S.Ct. 594(1972); also Estelle v Gamble, 429 U.S. 97,106, 50 L.Ed.2d 251, 97 S.Ct. 285(1976), "[A] court should make a resonable attempt to read the pleadings to state a valid claim on which the defendant could prevail, dispite the defendants' failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements." Further, because Defendant challenges the ineffectiveness of his defense counsel during plea negotiations, this reqeust for a evidentiary hearing should not be construed as a motion pursuant to 28 U.S.C. § 2255. Castro v United States, 540 U.S. 375,383 124 S.Ct. 786, 157 L.Ed.2d 178(2003).

## ARGUMENT

In 2005, prior to trial, Defendant made clear to defense counsel, John Sale Gordon, Esq., that he did not want to go to trial and that he wanted to inter a plea of guilty to specified crimes. Defendant further instructed Mr. Gordon to negotiate a plea agreement with the government. Within weeks of my request to plea guilty, Mr. Gordon informed me that the government was offering me a plea to 15 years. Mr. Gordon advised that give the plea consideration. Mr. Gordon further stated, "I am very eager to try the Unlawful Transport of

Firearms, the violent Crimes and Drug offense charges against you in trial, I am not so optimistic about our chances of winning the Distribution of Methamphetamine offenses." Mr. Gordon further stated, that Defendant if convicted of just the first two counts would be subject to a sentence of 15 years maybe less." While it appears that defense counsel ostensibly suggested that Defendant accept the plea agreement, counsel also made clear to this Defenant that there was little point in accpting the plea offer because Defendant would likely be accquitted at trial of all but Count 1, anywise.

This Defendant based on the misadvice of defense counsel Mr. Gordon, and Mr. Gordon's failure to negotiate a plea, proceeded to trial.

DISCUSSION

Defendants have a Sixth Amendment right to effective assistance of competent counsel at all critical stages, which include during the plea negotiations process. Padilla v Kentucky, 130 U.S. 1473,1486, 176 L.Ed.2d 284(2010). Where a defendant shows ineffective assistance has caused the rejection of a plea leading to a more severe sentence at trial, the remedy must "neutralize the taint" of a constitutional violation but must not grant a windfall to the defendant or needlessly squander the resources of the State properly invested in the criminal prosecution. See Lafler, 132 S.Ct. at 1389(citing United States v Morrison, 449 U.S. 361, 365, 101 S.Ct. 665, 66 L.Ed.2d 564(1981)).

In Lafler, a defendant was found guilty after a full and fair jury trial. Prior to the trial, the defendant was presented with plea offers on at least two occasions. Based on his trial counsel's erroneous

3

interpretation of the applicable law, the defendant rejected all plea offers and proceeded to trial. After being found guilty, the defendant was subject to a substantially harsher mandatory minimum sentence than that which was offered during the prior plea negotiations. Following the conviction, the defendant eventually sought habeas relief through the federal courts. This district court found that defendants' trial counsel was ineffective and but for his counsel's ineffective advice the defendant would have accepted the more favorable plea agreement. The district court remanded the case back to the state court and ordered specific performance of the original plea agreement. The Supreme Court ultimately found in favor of the defendant but remanded the matter back to the lower courts to determine the proper remedy.

In holding for the defendant, the Lafler court noted that our current judicial system is not one of trials but largely one of pleas. Under this scheme, a constitutionally valid trial cannot erase the taint of ineffective assistance of counsel in the plea negotiation state of a case, when the decision to go to trial is based on erroneous legal advice and a showing by a defendant that but for such misadvice, the defendant would not have proceeded to trial. Specifically the Court held:

> ...[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 132 S.Ct. at 1385.

4

Likewise, Missouri v Frye, decided by the Supreme Court on the same day as Lafler, reviewed a case where the defendantwas prejudice by his counsel's failure to communicate an offer prior to the offers's expirations. The Frye decision again reiterated what now seems to be an undisputed proposition - that a defendant is entitiled to effective assistance of cunsel during the plea negotiation process. See Missouri v. Frye, 132 S.Ct. 1399, 182 L.Ed.2d 379(March 21, 2012); Padilla v Kentucky, 130 S.Ct. 1473(2010). Moreover, the determination of whether counsel was ineffective during the plea negotiation stage is made using the two-part test set forth in Strickland. Frye, 132 S.Ct. at 1405.

Both Frye and Lafler were decided after a prior determination had already been made that the defendants had received ineffective assistance of counsel during the plea negotiations stage. Therelevant inquirey and holding in Lafler and Fry, was therefore based on deciding the prejudice factor of Strickland, and a discussion of potential remedies to a prejudiced defendant. Moveover, since there was obvious potential for abuse by litigous defendants, a number of considerations and factors where provided both to determine prejudice and to assist lower courts in fashioning a proper remedy.

In this case, Defendant believes he did everything in his power to admit to his guilt and accept the punishment the government felt was proper and just for his respective offenses. By Defendant not accepting the governments' plea offer, he was subjected to a more severe penalty and a more harsher sentence. The plea offer was 15 years, the trial court sentenced this Defendant to the harsher sentence of 22 years.

5

As the attached Affidavit of this Defendant indicates, this Defendant declined to accept the governments' plea offer based on the advice of his defense counsel and that advice was erroneous. Defendant's decision to reject the governments's plea offer was based on his understanding of the law and the governments' prosecutorial theory as erroneously explained to him by defense counsel, Mr. Gordon. Specifically, Defendant claims that he was provided incorrect legal advice on whether he could be held responsible separately for Counts One and Count Two whereby both counts essentially charge the same thing i.e., Distribution of Methamphetamine. Mr. Gordon advised Defendant that these two counts would merge. Defendants' affidavit confirms that had he recieved proper advice on this pivotal legal issue, the outcome of the plea negotiations would have been different.

Defendant depended on his defense counsel for his knowledge of the law and his ability to provide correct legal advice. Although, this Defendant indicated in multiple motions and represented to the courts that he would not accept a plea because of his innocence. These statements and representations, though appearing to go against the likelihood he would have accepted a plea, must be reviewed in proper context. Defendant believed he was innocent and based that belief on the incorrect legal advice he recieved from his defense counsel. Therefore, if Defendants' erroneous understanding of the law is based on the misadvice of his legal counsel, then this Court should follow the Supreme Courts' holding in <u>Lafler</u> and conduct an evidentiary hearing to determine whether this Defendant recieved ineffective assistance of counsel during the plea negotiations process.

## CONCLUSION

For all the reasons herein and for any other reasons this Honorable Court deems appropriate, Defendant respectfully request this Court grand an evidentiary hearing and in order to avoid the risk of constitutional error, appoint legal counsel in this matter.

Respectfully Submitted,

_____
Jeremiah Marshall, Pro Se
FedNo. 09363-033
USP Allenwood - POB 3000
White Deer, Pa., 17887

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Request For An Evidentiary Hearing was mailed first class, postage prepaid to the Office of the U.S. Attorney, U.S. District Court, 510 West Broadway, Louisville, Kentucky - 40202, on this 16th day of January 2013.

_____
Jeremiah Marshall
FedNo. 09363-033
USP Allenwood - POB 3000
White Deer, Pa., 17887

Jeremiah Marshall
Fed.No. 09363-033
USP ALLENWOOD - POB 3000
WHITE DEER, PA., 17887

7009 3410 0001 4928 3399

CERTIFIED MAIL

MAILED FROM
U.S. PENITENTIARY

Scanned 1-26-13
Business closed

⇔09363-033⇔
Clerk Of Court
423 Frederica ST
U.S. Districit Court
Owensboro, KY 42301
United States

JAN 2 2 2013

