```
                                    Jeremiah Marshall
                                    FedNo. 09363-033
                                    USP Allenwood - POB 3000
                                    White Deer, Pa., 17887
```

**FILED**
VANESSA L. ARMSTRONG, CLERK

February 11, 2012

APR 05 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Office Of The Clerk
U.S. District Court
423 Frederica Street
Owensboro, KY  42301-3013

InRe:    Jeremiah Marshall v United States of America
         Criminal Action No. 4:05CR-14-M

Dear Clerk,

   The purpose of this letter is to timely comply with this Courts' Memorandum and Order dated February 8, 2013, allowing this defendant to withdraw or amend his Request For An Evidentiary Hearing Pursuant To Lafler. Therefore, Defendant amends as follows:

1. Defendant has never filed a Notice of appeal of the Appeals Courts' affirmation in 2005. Defense counsel failed to notify the Courts within the 90 day period required for certiorari.

2. Defendant has never filed a 28 U.S.C. § 2255 motion before.

3. The U.S. Supreme Court issued two decisions clarifying the prejudice standard of an ineffective assistance of counsel claim in the context of a rejected plea offer. Missouri v. Frye, 566 U.S.___ No. 10-444(Mar.21,2012): Lafler v Cooper, 566 U.S.___,No. 10-209 (Mar.21,2012). These two precedential Supreme Court holdings were unavailable at the time of this defendant's direct appeal or during the pendency period of a §2255 collateral attack petition.

4. This Court does have the authority to grant a evidentiary hearing in the interest of justice in order to avoid a blatant miscarriage of justice.

5. The evidentiary hearing would allow this Defendant to develope the record and (1) demonstrate a reasonable probability that he would accepted the earlier plea offer had counsel's advice been effective, and (2) demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it.

6. Fed.R.C.P. 52(b), grants the district court authority and discretion to, upon parties' motion, amend its finding or make additional findings-and amend the judgment accordingly, Rule 59(e) has the same effect. See attached Yuby Ramirez, No. 10-10653(11Cir.May 3,2012)

7. Defendant authorizes this Court to construe this Motion/Letter To Amend in its proper format. Because this Defendent pro se pleadings are "held to less stringent standards that pleadings filed by lawyers." Haines v Kerner, 92 S.Ct. 594, also see Estelle v Gamble, 97 S.Ct. 285(1976).

8. Defendant contends that he has demonstrated due diligence in pursuing his rights and that the ineffectiveness of both his trial lawyer and his appeal lawyer, constitute extraordinary circumstances that stood in the way and prevented timely and properly filings.

CONCLUSION

For all the reasons listed herein and for any other reasons this Honorable Court deem appropriate, Defendant respectfully request this Court amend his Request For An Evidentiary Hearing Pursuant to Lafler as indicated in this letter; and issue an ORDER granting Defendant a Evidentiary Hearing in this matter.

Respectfully Submitted,

*Jeremiah Marshall*
Jeremiah Marshall, Pro Se
FedNo. 09393-033
USP Allenwood - POB 3000
White Deer, Pa., 17887

cc: AUSA