```
                                        Jeremiah Marshall
                                        FedNo. 09363-033
                                        USP Allenwood - POB 3000
                                        White Deer, Pa., 17887

                                        February 11, 2012
```

**FILED**
VANESSA L. ARMSTRONG, CLERK

APR 05 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Office Of The Clerk
U.S. District Court
423 Frederica Street
Owensboro, KY 42301-3013

InRe:   Jeremiah Marshall v United States of America
        Criminal Action No. 4:05CR-14-M

Dear Clerk,

   The purpose of this letter is to timely comply with this Courts' Memorandum and Order dated February 8, 2013, allowing this defendant to withdraw or amend his Request For An Evidentiary Hearing Pursuant To Lafler. Therefore, Defendant amends as follows:

1. Defendant has never filed a Notice of appeal of the Appeals Courts' affirmation in 2005. Defense counsel failed to notify the Courts within the 90 day period required for certiorari.

2. Defendant has never filed a 28 U.S.C. § 2255 motion before.

3. The U.S. Supreme Court issued two decisions clarifying the prejudice standard of an ineffective assistance of counsel claim in the context of a rejected plea offer. <u>Missouri v. Frye</u>, 566 U.S.___ No. 10-444(Mar.21,2012): <u>Lafler v Cooper</u>, 566 U.S.___,No. 10-209 (Mar.21,2012). These two precedential Supreme Court holdings were unavailable at the time of this defendant's direct appeal or during the pendency period of a §2255 collateral attack petition.

4. This Court does have the authority to grant a evidentiary hearing in the interest of justice in order to avoid a blatant miscarriage of justice.

5. The evidentiary hearing would allow this Defendant to develope the record and (1) demonstrate a reasonable probability that he would accepted the earlier plea offer had counsel's advice been effective, and (2) demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it.

6. Fed.R.C.P. 52(b), grants the district court authority and discretion to, upon parties' motion, amend its finding or make additional findings-and amend the judgment accordingly, Rule 59(e) has the same effect. See attached <u>Yuby Ramirez</u>, No. 10-10653(11Cir.May 3,2012)

7. Defendant authorizes this Court to construe this Motion/Letter To Amend in its proper format. Because this Defendent pro se pleadings are "held to less stringent standards that pleadings filed by lawyers." <u>Haines v Kerner</u>, 92 S.Ct. 594, also see <u>Estelle v Gamble</u>, 97 S.Ct. 285(1976).

8. Defendant contends that he has demonstrated due diligence in pursuing his rights and that the ineffectiveness of both his trial lawyer and his appeal lawyer, constitute extraordinary circumstances that stood in the way and prevented timely and properly filings.

<u>CONCLUSION</u>

For all the reasons listed herein and for any other reasons this Honorable Court deem appropriate, Defendant respectfully request this Court amend his Request For An Evidentiary Hearing Pursuant to Lafler as indicated in this letter; and issue an ORDER granting Defendant a Evidentiary Hearing in this matter.

Respectfully Submitted,

*Jeremiah Marshall*
Jeremiah Marshall, Pro Se
FedNo. 09393-033
USP Allenwood - POB 3000
White Deer, Pa., 17887


cc: AUSA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 10-10653-DD

---

YUBY RAMIREZ,

    Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

    Respondent - Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida

---

Before WILSON and FAY, Circuit Judges, and RESTANI,[*] Judge.

BY THE COURT:

Yuby Ramirez appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate her life sentence based on ineffective assistance of counsel under

---

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Following oral argument, we remanded this case to the district court for the limited purpose of deciding whether Ramirez established that she suffered prejudice from her counsel's deficient advice which led her to reject the plea offers. Specifically, we directed the district court to answer the following two questions: (1) whether Ramirez's counsel would have advised her to plead guilty had they known of the possibility of a life sentence, and (2) whether Ramirez would have pled guilty upon such advice. After we remanded the case to the district court, but before the court certified its findings of fact, the Supreme Court issued two decisions clarifying the prejudice standard of an ineffective assistance of counsel claim in the context of a rejected plea offer. *Missouri v. Frye*, 566 U.S. ___, No. 10-444 (Mar. 21, 2012); *Lafler v. Cooper*, 566 U.S. ___, No. 10-209 (Mar. 21, 2012). In *Frye*, the Court explained that to prove prejudice resulting from ineffective advice during a plea negotiation, a defendant must (1) "demonstrate a reasonable probability that [she] would have accepted the earlier plea offer" had counsel's advice been effective, and (2) "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." No. 10-444, Slip Op. at *11. In an instance where, as here, the defendant went to trial after rejecting a plea offer, a defendant must also show

2

"a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*

In light of the Court's articulation of the precise prejudice standard in this circumstance, the district court permissibly varied its mandate to include the factors not contemplated in our limited remand. *See Leggett v. Badger*, 798 F.2d 1387, 1389 (11th Cir. 1986) (per curiam) (finding that a district court was not required to follow its mandate when intervening authority from the Supreme Court dictated a different result). Specifically, the district court expanded our inquiry to consider whether there was a reasonable probability that the government would have adhered to the plea agreement and whether the court would have accepted the plea.

The district court has now certified its factual findings to us and, after an evidentiary hearing, has determined that (1) Ramirez's counsel would have advised her to plead guilty had he known she faced a possible life sentence, (2) Ramirez would have pled guilty had she been advised of the true sentencing exposure she faced, (3) the government would have adhered to the second plea offer of ten years had Ramirez accepted it, and (4) the Court would have accepted the plea agreement provided that Ramirez complied with the requirements of

3

Federal Rule of Criminal Procedure 11. On the basis of these findings of fact, the district court determined that Ramirez established the prejudice prong of her ineffective assistance of counsel claim.

We have already found that Ramirez's counsel performed deficiently under the first prong *Strickland*. *Ramirez v. United States*, 315 F. App'x 227, 230 (11th Cir. 2009) (per curiam). In light of the district court's findings, and consistent with its final conclusion, we determine that Ramirez has also sufficiently established prejudice under *Strickland*.

In *Cooper*, the Court considered the proper remedy when a defendant's Sixth Amendment right is violated due to ineffective assistance of counsel resulting in a declined plea offer. No. 10-209, Slip Op. at *11–14. The Court explained that where a rejected plea agreement contained less serious counts than those for which the defendant was convicted at trial, remanding the defendant for resentencing may not suffice to address the constitutional violation. *Id.* at *12. Instead, the proper remedy may be to "require the prosecution to reoffer the plea proposal." *Id.* at *12–13. The judge may then exercise discretion in accepting the plea, taking into account the defendant's earlier expressed willingness to accept responsibility and subsequent information discovered about the crime. *Id.* at *13.

Ramirez has now filed an "Unopposed Motion for Order Directing District

4

Court to Order Government to Re-Offer 10-Year Plea and For Other Relief," which is construed as a motion for summary reversal and to remand with instructions. We grant the motion and remand the case to the district court with instructions to:

(1) require the Government to immediately re-offer the plea proposal;

(2) conduct a change-of-plea hearing and sentencing hearing in accordance with the plea agreement.

If Ramirez enters a guilty plea in accordance with the re-offered plea proposal and the district court accepts her plea:

(1) vacate Ramirez's present conviction and resentence her based on the guilty plea; and

(2) order Ramirez's immediate release from custody because she will have already served more than the 10-year maximum term of imprisonment corresponding to the charges to which she will have pled guilty.

**SO ORDERED.**

Jeremiah Marshall  09363-035
PO Box 3000
USP Allenwood
White Deer, PA 17887

09363-033
Clerk Of Court
423 Frederica ST
U.S. Distrcit Court
Qwensboro, KY 42301
United States