UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JEREMIAH MARSHALL                                                    MOVANT/DEFENDANT

v.                                                        CRIMINAL ACTION NO. 4:05CR-14-M

UNITED STATES OF AMERICA                                        RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION AND ORDER

On January 16, 2013,[1] Movant Jeremiah Marshall filed a *pro se* request for an evidentiary hearing (DN 87). Upon review of the request, which the Court construed as a motion, the Court entered a Memorandum and Order in which it directed Movant to notify the Court whether he desired to withdraw the motion or amend it (DN 88). The Court warned Movant that failure to respond to the Court's Order would result in the Court recharacterizing the motion as one brought under 28 U.S.C. § 2255 (DN 88). On April 5, 2013, Movant responded to the Court's Order by sending a letter to the Court (DN 89). The Court construed this response to state that Movant desired to proceed with this action as one brought under 28 U.S.C. § 2255. The Court entered an Order directing that Movant's original request for an evidentiary hearing (DN 87) be docketed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and that his subsequent letter (DN 89) be docketed as an amendment to the § 2255 motion (DN 92). Upon preliminary review the Court found that Movant's § 2255 motion was filed outside the one-year statute of limitations, and is time barred under § 2255(f)(1) (DN 90). The Court entered a Memorandum and Order in which it gave Movant 30 days in which to show cause why

---

[1] Under the mailbox rule, a document is deemed filed with a court on the date that it is deposited in the prison mail system for mailing. *See*, *e.g.*, *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant certifies that his § 2255 motion was delivered to the prison mail system for mailing on January 16, 2013 (DN 87).

his § 2255 motion should not be dismissed as barred by the applicable one-year statute of limitations (DN 90). The 30 days have expired, and Movant has failed to provide any additional argument to the Court as to why this action should not be dismissed as barred by the statute of limitations. Movant responded by re-filing his original request for an evidentiary hearing and subsequent letter to the Court (DNs 93 & 94).

Additionally, Movant has filed a Request to Amend (DN 96). The United States opposes the request (DN 98). In this document Movant requests the Court to change the caption on his motion to "Motion To Have The Government Re-Offer The Original Plea Agreement." He further requests the appointment of counsel. As previously stated by the Court (DN 88), with rare exception, 28 U.S.C. § 2255 provides the exclusive remedy to federal prisoners who challenge the validity of a conviction or sentence. Movant's action is properly brought under 28 U.S.C. § 2255. Thus, Movant's request to change the caption of his motion (DN 96) is **DENIED**. Further, for the reasons stated below, Movant's § 2255 motion is barred by the applicable statute of limitations, thus there is no need for the appointment of counsel in this case. Therefore, Movant's request for appointment of counsel (DN 96) is **DENIED**.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's Judgment and Commitment was entered January 13, 2006 (DN 72). Movant appealed his conviction, and the Sixth Circuit affirmed the judgment on April 25, 2007 (DN 86). He had 90 days from the date of the Sixth Circuit decision in which to file a petition for a writ of certiorari. SUP. CT. R. 13. Under § 2255(f)(1), the one-year limitations period, therefore, began running on July 24, 2007, and expired one year later on July 24, 2008. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Because Movant did not file his § 2255 motion until January 16, 2013, the motion is time barred under § 2255(f)(1).

Movant appears to make two arguments as to why his § 2255 motion is not time barred. First, he argues that the limitations period should not begin to run until March 21, 2012, the date on which the Supreme Court decided *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). Movant argues that in these two cases the Supreme Court recognized a new rule of constitutional law that should apply retroactively. Contrary to Movant's argument, all of the circuit courts that have addressed this issue have found that *Lafler v. Cooper* and *Missouri v. Frye* did not announce a new rule of constitutional law and therefore cannot be said to apply retroactively. *In re Liddell*, No. 12-2196, 2013 WL 3752659 (6th Cir. June 26, 2013); *In re Graham*, No. 13-3082, 2013 WL 1736588 (10th Cir. Apr. 23, 2013); *Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013); *Williams v. United States*, 705 F.3d 293 (8th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012); *In re King*, No. 12-

40772, 2012 WL 4498500 (5th Cir. Aug. 14, 2012); *Hare v. United States*, 688 F.3d 878 (7th Cir. 2012); *In re Perez,* 682 F.3d 930 (11th Cir. 2012). Thus, this argument is unavailing to Movant.

Movant's second argument appears to be that the limitations period should be equitably tolled. Movant states that "he has demonstrated due diligence in pursuing his rights and that the ineffectiveness of both his trial lawyer and his appeal lawyer, constitute extraordinary circumstances that stood in the way and prevented timely and properly filings." Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1005-07 (6th Cir. 2001). "Equitable tolling is used sparingly and 'only if two requirements are met. First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). Movant has the burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Movant fails to set forth any facts to show that he was pursuing his rights diligently. He states that "he has demonstrated due diligence in pursuing his rights" but provides no factual support for his purported due diligence. He does not provide the Court with any efforts he made to pursue his case between the time his judgment was affirmed by the Sixth Circuit in April 2007 until January 16, 2013, when his request for an evidentiary hearing was deemed filed. Movant's failure to establish that he has been pursuing his rights diligently is reason enough to preclude equitable tolling. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-448, 2012 WL

4

1658877, at *5 (S.D. Ohio May 11, 2012) (where the court recognized that both reasonable diligence and extraordinary circumstances are required to support equitable tolling).

However, Movant also fails to show extraordinary circumstances prevented his timely filing. Movant states that the "ineffectiveness of both his trial lawyer and his appeal lawyer, constitute extraordinary circumstances that stood in the way and prevented timely and properly filings." Again, Movant fails to include any factual support for this conclusory allegation. Movant does not provide the Court with any facts showing how his counsel prevented him from timely filing his § 2255 motion. Further, he fails to provide any reason why he was unable to timely file the § 2255 motion on his own. Even if the Court were to construe Movant's filings to include arguments that he did not know his rights, did not know how to go about pursuing these matters legally, and did not have anyone to help him, these arguments are unavailing. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, No. 03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"); *Nhan Hoang Le v. Harrington*, No. SACV 10-1825-ODW (MAN), 2011 WL 3812619, at *6 (C.D. Cal. July 20, 2011) ("[A] lack of legal training and financial resources, unfortunately, tend to be constant, unchanging facts of life for most prisoners, a finding that these circumstances are 'extraordinary,' in spite of their

5

pervasiveness, would create the potential for endless tolling . . . ."); *Gonzalez v. Martel*, No. CV 08-4087-AHS (MAN), 2009 WL 6340018, at *6 (C.D. Cal. Dec. 17, 2009) (where the court found that the petitioner's lack of both legal training and financial resources to retain counsel were not extraordinary circumstances sufficient to support equitable tolling).

Clearly, Movant has failed to persuade the Court that his § 2255 motion is timely or that he is entitled to equitable tolling. Accordingly, by separate Order, the Court will deny the § 2255 motion and dismiss this action.

## **Certificate of Appealability**

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the motion was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion and Order.

Date: September 4, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:    Movant/Defendant, *pro se*
       Counsel of Record
4414.003